[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12622
Non-Argument Calendar
_____

D.C. Docket No. 4:16-cv-00172-RH-GRJ

WILLIE F. HALE,

Plaintiff-Appellant,

versus

TENA M. PATE,
Commissioner,
JOHN B. DOYLE,
Investigator 87103,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 30, 2017)

Before MARCUS, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Willie Hale, a Florida state prisoner proceeding pro se, appeals the district

court's dismissal of his civil rights complaint against Tena Pate and John B. Doyle,

pursuant to 42 U.S.C. § 1983, challenging his state conditional-release revocation proceedings. In the complaint, Hale alleged that his Sixth Amendment right to counsel and Fourteenth Amendment rights to due process and equal protection were violated when his conditional release was revoked, for a violation of his mandatory curfew, and he was returned to prison to serve time in excess of his original sentence because of a forfeiture of gain-time. The magistrate judge recommended that the case be dismissed pursuant to the abstention doctrine found in Younger v. Harris, 401 U.S. 37 (1971), and that it also be dismissed for failure to state a claim pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2)(B); after Hale filed his objections, the district court accepted and adopted the magistrate judge's report and recommendation ("R&R") as its own and dismissed the action under § 1915(e)(2)(B). On appeal, Hale appears to argue that: (1) his Sixth Amendment rights were violated at the revocation hearing because Pate refused to appoint counsel for his defense, and that because Pate had a practice of denying assistance of counsel to similarly situated inmates, Pate and Doyle are liable under supervisory liability and municipal liability, respectively; and (2) the state court imposed an illegal sentence on him upon revoking his conditional release. After thorough review, we vacate and remand so that the district court can dismiss the action without prejudice based on Younger.

Whether to abstain under Younger is a threshold issue that may be resolved even before jurisdiction.  See Tenet v. Doe, 544 U.S. 1, 6 n.4 (2005); see also Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 100 n.3 (1998) (approving a decision resolving Younger abstention before addressing subject-matter jurisdiction).  In addressing whether abstention is appropriate in a given case, we review the district court's decision to abstain for abuse of discretion.  Boyes v. Shell Oil Prod. Co., 199 F.3d 1260, 1265 (11th Cir. 2000).  An error of law constitutes an abuse of discretion.  Major League Baseball v. Crist, 331 F.3d 1177, 1183 (11th Cir. 2003).

Federal courts have a virtually unflagging obligation to exercise the jurisdiction given to them.  For Your Eyes Alone, Inc. v. City of Columbus, 281 F.3d 1209, 1215-16 (11th Cir. 2002).  In Younger, the Supreme Court recognized an exception, holding that federal courts should abstain from suits aimed at restraining pending state prosecutions.  Id. at 1216 (citing Younger, 401 U.S. at 41).  Younger abstention applies only if the state proceedings: (1) are pending at the time of the federal action; (2) implicate important state interests; and (3) provide an adequate opportunity for raising federal constitutional questions.  Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).  As for the first factor, "[t]he date of filing of the federal complaint is the relevant date for purposes of determining Younger's applicability" because "the

3

Supreme Court held that Younger applies if state court proceedings were pending at the time of the filing of the federal complaint." The News-Journal Corp. v. Foxman, 939 F.2d 1499, 1510 (11th Cir. 1991) (quotation omitted). As for the second factor, proceedings necessary for the vindication of important state policies implicate a state's interest. Middlesex, 457 U.S. at 432. Where vital state interests are involved, a federal court should abstain unless state law clearly bars the interposition of constitutional claims. Id.

As for the third Younger factor, the plaintiff has the burden to show that the state proceeding will not provide him an adequate remedy for his federal claim. 31 Foster Children v. Bush, 329 F.3d 1255, 1279 (11th Cir. 2003). We assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary. Id. A plaintiff has an adequate remedy for his constitutional claim, for purposes of Younger abstention, if he can raise his constitutional claim during the state court's review of an administrative proceeding. Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 629 (1986). Dismissals pursuant to the Younger abstention doctrine are without prejudice. See Old Republic Union Ins. Co. v. Tillis Trucking Co., 124 F.3d 1258, 1264 (11th Cir. 1997).

Documents attached to pleadings are part of the pleading. Fed. R. Civ. P. 10(c). We consider facts derived from documents attached to pleadings as part of

4

the plaintiff's factual averments.  F.T.C. v. AbbVie Prods. LLC, 713 F.3d 54, 63 (11th Cir. 2013).  Unless a plaintiff has moved to supplement the record, we will not consider evidence that does not appear in the district court's record, absent extraordinary circumstances.  Lightbourne v. Dugger, 829 F.2d 1012, 1017 n.7 (11th Cir. 1987).

Here, the district court did not abuse its discretion in dismissing Hale's complaint -- including all of his Sixth Amendment and Fourteenth Amendment claims -- pursuant to the Younger abstention doctrine.  For starters, the record reveals that Hale's state action was pending while he was pursuing this case in the district court.  As the record shows, the final order revoking Hale's conditional release had not yet been entered before the magistrate judge made his recommendation.  Rather, Hale attached to his initial appellate brief the final order revoking his conditional release, but it was dated before the district court entered its judgment but after he filed his complaint.  Notably, "Younger applies if state court proceedings were pending at the time of the filing of the federal complaint."  The News-Journal Corp., 939 F.2d at 1510 (emphasis added).[1]  Indeed, Hale did not allege in his complaint that the revocation hearing had concluded.  Because the

---

[1]    In addition, because Hale did not move to supplement the district court record with the final order, we need not consider this evidence.  Dugger, 829 F.2d at 1017 n.7.

5

revocation proceeding was not final at the time Hale filed his complaint in the district court, Younger abstention still applies.

As for the second Younger factor, Hale's case clearly involved an important state interest -- namely, Florida's need to ensure that prisoners who have had their incarceration terms reduced abide by the terms of their conditional supervised release orders. Middlesex, 457 U.S. at 432. And as for the third factor, Hale has not claimed that he would be unable to vindicate his claims that he is improperly incarcerated or that he did not receive the counsel that he merited in a state court forum. 31 Foster Children, 329 F.3d at 1279. Thus, on this record, the district court did not abuse its discretion in abstaining under Younger.

We recognize that it is not clear from the district court's brief order that it was abstaining pursuant to Younger. In the R&R, the magistrate judge recommended that "this case be DISMISSED pursuant to the Younger abstention doctrine and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted." The district court's order, in turn, said that "[t]he report and recommendation is ACCEPTED and adopted as the court's opinion," but then directed the clerk to enter judgment stating that "'[t]he complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B).'" It did not expressly mention whether the case was to be dismissed under Younger. Nevertheless, because the district court clearly provided that it was accepting and adopting the

6

R&R as its own, see MDS (Canada) Inc. v. Rad Source Techs., Inc., 720 F.3d 833, 853 n.8 (11th Cir. 2013) (construing a district court's opinion "to determine its most plausible meaning"), we construe the district court's opinion as having approved the reasoning on both grounds recommended by the magistrate judge, but as having made a scrivener's error in failing to list Younger as the superseding ground for dismissal.  Because a complaint dismissed pursuant to Younger is without prejudice, see Old Republic, 124 F.3d at 1264, we are obliged to vacate the district court's order and remand the case with directions that the district court dismiss without prejudice Hale's action on Younger abstention grounds.

**VACATED AND REMANDED**.